972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Carl BRYANT, also known as Alfred Carl Farley, also
known as Al Cole, Defendant-Appellant. (91-1919)
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred Carl BRYANT, Defendant-Appellant. (91-1625)
 Nos. 91-1919, 91-1625.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In Case No. 91-1919, Alfred Bryant filed a motion pursuant to Fed.R.Civ.P. 41(e) in which he sought the return of a sum of money and other personal property seized during a 1986 arrest. The district court denied the motion as being out of time and inadequate to invoke the general equity jurisdiction of the court. In Case No. 91-1625, Bryant filed a similar motion for the return of property seized in a separate criminal proceeding. The district court dismissed the motion for lack of subject matter jurisdiction. These appeals followed. The parties have briefed the issues, Bryant proceeding without counsel.
 
 
 3
 Upon consideration, we must remand the decision in Case No. 91-1919 for further proceedings. The general rule in this circuit is that seized, non-forfeited property, other than contraband, should be returned to the rightful owner after the termination of the criminal proceedings. United States v. Francis, 646 F.2d 251, 262 (6th Cir.), cert. denied, 454 U.S. 1082 (1981). This right, however, must be balanced against the legitimate needs of the United States. See, e.g., Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983) (property lawfully retained where government demonstrates "continuing interest"). The district court, in declining to exercise its equity jurisdiction, deprived the parties of the opportunity to demonstrate their respective interests in the money and other personal items in issue. Bryant's denomination of this action as one brought under Fed.R.Crim.P. 41(e) is not controlling. See United States v. Martinson, 809 F.2d 1364, 1366-69 (9th Cir.1987).
 
 
 4
 We must also remand the decision in Case No. 91-1625. The court held that it lacked jurisdiction to address the merits of the motion due to the pendency of a direct appeal of the underlying conviction. As we have noted, however, Bryant's motion sought only the return of property and, as such, was civil in nature and did not involve matters to be addressed in the pending direct appeal. The court was empowered to address the merits of the motion.
 
 
 5
 Accordingly, we vacate the district court's judgments and remand for further proceedings consistent with this decision. Rule 9(b)(3), Rules of the Sixth Circuit.